UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV136-J

RITA HAYS                                                        PLAINTIFF

VS.

MICHAEL J. ASTRUE,
          Commissioner of Social Security                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Rita Hays ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On July 9, 2004, Claimant filed application for Supplemental Security Income payments, alleging that he became disabled as of May 15, 1983, when she turned sixteen years old. After an appeals council remand and two hearings, Administrative Law Judge Ronald M. Kayser ("ALJ") determined that her anxiety disorder with avoidant behavior and social anxiety, and obesity, were severe impairments. Although Ms. Hays has no past relevant work, the ALJ determined that she retained the residual functional capacity to perform jobs that exist in significant numbers. This became the final decision of the Defendant when the Appeals Council denied review on January 11, 2008.

1

<u>STANDARD OF REVIEW</u>

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

<u>ARGUMENTS ON THIS APPEAL</u>

Plaintiff contends that the ALJ erred in failing to accord the appropriate weight to the opinion of her treating physician. Dr. Meek opined in April of 2006 that Ms. Hays had marked restrictions in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence or pace. Tr. 44. In a letter dated January 8, 2007, Dr. Meek described her symptoms as motor tension, autonomic hyperactivity and increased tone, apprehensive expectation, progressing to full panic attacks, and persistent fears of and "almost total avoidance" of social interactions, and he opined that those symptoms remained near the same level as they were in April of 2006. He stated, "We are continuing to try to engage her with both medical and psychotherapeutic interventions, but thus far we have seen little change or progress." Tr. 285.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an

2

impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians.  In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician.  <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g.,  <u>Walker v. Secretary of Health & Human Servs.</u>, 980 F.2d 1066, 1070 (6th Cir.1992).  A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record."  20 C.F.R. S 404.1527(d)(2)(1999).  In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir.1997);  <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir.1993); <u>Kirk v.</u> <u>Heckler</u>, 742 F.2d 968, 973 (6th Cir.1984).  However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight.  <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ rejected Dr. Meek's opinion and set forth several reasons for doing so.  The ALJ viewed Dr. Meek's extreme opinion as inconsistent with his own treatment note of February 19,

2007, which stated that she was "stable in terms of anxiety." Tr. 287. It appears that the ALJ may have treated "stable" as meaning "in good condition," but that may not be the meaning intended. More likely, given his January 2007 opinion letter, Dr. Meek was describing Ms. Hays' anxiety as not changing or fluctuating. Thus, there would be no inconsistency between the observation of "stable in terms of anxiety" and Dr. Meek's opinion that her condition remained essentially unchanged. Standing alone, this reason for rejecting the treating physician's opinion would be unsupportable.

The ALJ also stated that the rejected Dr. Meek's opinion because plaintiff no longer sees a therapist. This is based on plaintiff's May 7, 2007 testimony concerning her treatment at Communicare:

Q. Who is your doctor?

A. Dr. Craig Meek.

Q. Okay. And do you also see a therapist there?

A. I, I was but I'm not really seeing her now.

Tr. 357. Plaintiff went on to explain that Kathleen Powers, the therapist she had seen, was moved to another position in the organization. Plaintiff also testified that she was still seeing Dr. Meek, the psychiatrist. Tr. 358. Thus, while there is no basis for believing that Ms. Hays has abandoned or been released from treatment, there is also no basis for concluding that she continues to receive psychotherapy. This would indicate that her sole therapy is 100 mg of Zoloft daily, a level of treatment that casts some doubt on the notion of total social disability.

The ALJ also concluded that Dr. Meek's opinion was inconsistent with the

4

Communicare psychotherapy records, with Ms. Hays' report of her own activities, and with other medical evidence of record.  Dr. Meek's opinion states that Ms. Hays leaves the house only for medical appointments and she has no friends or social interactions.  However, Ms. Hays reported at a number of psychotherapy visits that she was able to dine out "if not too many people" (Tr. 273), had gone out two or three times a week with a friend, had a boyfriend, did grocery shopping on her own, etc.  As early as August of 2004, she reported increased activity in public places "and good management of these situations" (Tr. 224), although a month later, reporting the denial of her disability claim, she stated she had "very rare activity outside home."  Tr. 221.  The treatment records indicate that in April of 2005, she had "occasional hopeless feelings, but much less than before Zoloft and therapy."  She preferred not to increase the Zoloft dosage.  Tr. 203.  The examining consultant reported in August of 2004 that "at no time did she show any signs of anxiety or timidity, as a result of being at the exam site and away from her home sanctuary."  Tr. 147.

After examining the reasons given for rejecting Dr. Meek's opinion and the record as it pertains to those reasons, the Court concludes that the ALJ followed the applicable standards for evaluating the opinion of a treating physician.  Contrary to the statement of the physician that Ms. Hays' condition was unchanged, the record supports the conclusion of the ALJ that "Ms. Hays has progressed from being homebound to being able to get out of the house in a period of one-and-a-half years thus underscoring her progress with Communicare.  Tr. 31.

With respect to the factual findings, the task of this Court is not to consider the evidence and make an independent decision; rather, the sole task of the appellate court is to

determine whether the record considered as a whole, provides substantial evidence to support the ALJ's decision. Whether the record provides substantial evidence in support of the opposite decision is irrelevant, as is the question of how the undersigned would have viewed the evidence as the finder of fact. Considered as a whole, the record furnishes substantial evidence in support of the factual conclusions of the ALJ.

An order in conformity has this day entered.